_____

No. 96-3357
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   Western District of Arkansas.
Willie James Jones,                *       [UNPUBLISHED]
                                   *
          Appellant.               *


_____

          Submitted:  December 20, 1996

              Filed:  January 6, 1997
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Willie James Jones appeals the 108-month sentence imposed by the
district court[1] after he pleaded guilty to one count of distributing
cocaine base, in violation of 21 U.S.C. § 841(a)(1).  He argues that his
base offense level should have been determined using, at most, the weight
of cocaine base involved in the five counts of the indictment, rather than
including seven unindicted transactions as relevant conduct.  We affirm.


     The district court did not clearly err in finding that the eleven
other transactions were relevant conduct under U.S. Sentencing Guidelines
Manual § 1B1.3(a) (1995).  See United States v. Ballew, 40 F.3d 936, 943
(8th Cir. 1994) (standard of review), cert. denied, 115 S. Ct. 1813 (1995).
The Guidelines provide that

_____

     [1]The Honorable Harry F. Barnes, United States District Judge
for the Western District of Arkansas.

the base offense level "shall be determined on the basis of . . . all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (1995).  Furthermore, "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction."  U.S. Sentencing Guidelines Manual § 1B1.3, comment. (backg'd.) (1995).

Here, Jones sold cocaine base on twelve occasions within a five-month period in the same geographic area.  See U.S. Sentencing Guidelines Manual § 1B1.3, comment (n.9) (1995) (factors showing same course of conduct include similarity, repetitions, and temporal proximity of acts).  The less than three-fold increase in sentencing range that resulted from considering this relevant conduct does not raise due process concerns.  See United States v. Galloway, 976 F.2d 414, 426 (8th Cir. 1992) (en banc).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-